

100 Pine Street • PO Box 1166 • Harrisburg, PA 17108-1166
Tel: 717.232.8000 • Fax: 717.237.5300

Jennifer E. Will
Direct Dial: 717.237.5418
Direct Fax: 717.260.1758
jwill@mwn.com

July 30, 2010

The Honorable Yvette Kane
Chief Judge
United States District Court
Middle District of Pennsylvania
Federal Building
Harrisburg, PA  17108

    **RE:  Stephanie Harris v. Harley Davidson Motor Company
          No. 1-CV-09-01449-YK**

Dear Judge Kane:

    Pursuant to the Court's Order of July 15, 2010 in the above-referenced matter, the following is Defendant's Letter Brief in Opposition to Plaintiff's Motion to Compel Discovery.

## PROCEDURAL HISTORY

    On May 14, 2010, Plaintiff served Defendant with Interrogatories and Requests for Production of Documents.  On June 16, 2010, Defendant answered Plaintiff's discovery requests and raised certain objections.  Specifically, with respect to Interrogatories 2, 3, 6, 7, 8, 17, 18 and 26 and Request for Production of Documents 6, Defendant objected, generally, that these requests were overly broad, unduly burdensome and not likely to lead to discovery of relevant information.  In an effort to resolve the dispute without the Court's intervention, on June 28, 2010,[1] Defendant supplemented its initial discovery responses.  In that supplemental response, Defendant provided an

---

[1] Plaintiff did not include Defendant's June 28, 2010 supplemental answers with her Letter Brief.  Although Plaintiff did not limit or narrow her discovery requests, Defendant did in fact supplement its initial discovery responses several times over a period of several days while attempting to resolve this discovery dispute with Plaintiff.  Defendant's June 28, 2010, June 30, 2010 and July 1, 2010 supplemental responses to Plaintiff's discovery requests are enclosed as Exhibit A.

The Honorable Yvette Kane
Chief Judge
United States District Court
Middle District of Pennsylvania
July 30, 2010
Page 2

appropriately narrowed response to the overly broad Interrogatories and Requests for Production of Documents.

In addition, as to the allegedly incomplete answer to Interrogatory 9, Defendant provided the addresses and telephone numbers for each individual that Plaintiff sought to depose, in advance of the due date for Interrogatories. Therefore, there is no further response needed at this time. The only remaining issue is whether Defendant's already provided responses to Plaintiff's discovery requests are sufficient in scope to satisfy its obligations under Federal Rule of Civil Procedure 26.

## ARGUMENT

The burden of Plaintiff's discovery requests outweigh their likely benefit. While it is true that the Federal Rules of Civil Procedure permit discovery of relevant information, "discovery shall be limited by the court if it determines that: … the burden or expense of the proposed discovery outweighs its likely benefit…." Fed. R. Civ. P. 26(b)(2). In Title VII cases, the scope of discovery is not unlimited and discovery requests must be relevant and must not impose an undue burden. *Miller v. Hygrade Food Products Corp.*, 89 F.Supp. 2d 643, 657 (E.D. Pa. 2000); *Miles v. Boeing Co.*, 154 F.R.D. 117, 119 (E.D. Pa. 1994).

Plaintiff concedes that since Defendant has raised an objection regarding her discovery requests, it is her burden to clearly demonstrate the relevancy of the information requested. *See* Plaintiff's Letter Brief in Support of Plaintiff's Motion to Compel Discovery, page 2 (citing *Hall v. Harleysville, Ins. Co.*, 164 F.R.D. 406, 407 (E.D. PA. 1996). When evaluating discovery requests, the courts will examine relevancy and burden, and the Plaintiff must clearly establish relevancy and that the information requested will lead to discoverable information. *McClain v. Mack Trucks*, Inc., 85 F.R.D. 53, 57 (E.D. Pa. 1979). Plaintiff has failed to meet her burden.

The Honorable Yvette Kane
Chief Judge
United States District Court
Middle District of Pennsylvania
July 30, 2010
Page 3

This Court has found it appropriate to limit discovery requests in terms of time, location, work unit, and type of claims alleged.  See April 23, 2005 Order regarding Plaintiff's Motion to Compel Discovery in the matter of *Equal Employment Opportunity Comm'n & Marion Shaub v. Federal Express Corp.* *(No. 1:CV-02-1194).*  Consistent with the principles of that Order, Defendant appropriately responded to Plaintiff's discovery requests, even in the absence of any compromise on the part of the Plaintiff, by providing information narrowed in terms of time, location, work unit and the type of claim alleged by Plaintiff.  Only the temporal aspect of Defendant's response deviates from the Court's April 23, 2005 Order.  However, in light of the short tenure of the Plaintiff and those involved in her allegations, Defendant's proposed September 2006 through March 2009 timeframe is appropriate.

In her Letter Brief, Plaintiff admits that her initial discovery requests were overbroad, and now, after nearly two months, has indicated willingness to clarify the time period for her requests.  Plaintiff's Letter Brief at 3.  That is what Defendant was required to do, and in fact did, in its best effort to resolve this dispute prior to the Court's involvement.  Plaintiff's concessions do not go far enough, because she seeks information more than five years prior to the filing of her complaint with the Pennsylvania Human Relations Commission (the "Commission").  While a five year timeframe was previously honored by this Court in *Federal Express Corp.*, there is no per se rule that five years is appropriate in all circumstances.  Other than conclusively stating that conduct prior to the alleged liability period is relevant, Plaintiff fails to meet her burden of establishing relevancy for her particular claims.  Indeed, Plaintiff's "harassment" complaints concern a single individual, who was hired **after** Plaintiff.  There is no basis for expanding the time period for discovery to 2003, much less to the requested 1998.

Plaintiff's requests should be limited to the time period during which she was employed by Defendant.  *See McClain*, 85 F.R.D. at 61.  Defendant's supplemental responses included information for the time period September 2006 and March 2009.  This period reflects Plaintiff's tenure with Defendant,

The Honorable Yvette Kane
Chief Judge
United States District Court
Middle District of Pennsylvania
July 30, 2010
Page 4

and includes a reasonable time period prior to the filing of her complaint with the Commission, and the 15 month period thereafter. This time period is relevant, and not an undue burden on Defendant.

"Plaintiff is not automatically entitled to company-wide discovery, absent a showing of a particularized need and relevance for the requested discovery." *Miles*, 154 F.R.D. at 120 (citations omitted). Plaintiff seeks discovery of company-wide information, but makes only the vague allegation that the decision to discipline Plaintiff was made by her immediate supervisors, Human Resources, and supported by the hierarchy of Defendant. Plaintiff's Letter Brief at 4. Plaintiff makes no citations to evidence (documentary or testimonial) to support that conclusion. Plaintiff has failed to make a showing of a particularized need for the information she seeks.

Defendant has appropriately limited its responses to information regarding union-covered employees employed by Defendant on the third shift at its York facility at some period between September 2006 and March 2009. The York facility had approximately 3000 employees working three shifts during Plaintiff's employment. The Plaintiff's Complaint states that she was allegedly the only African-American female on the assembly line, and that she was allegedly disciplined for reporting harassment to her supervisors. Therefore, her discovery requests are relevant to her allegations only to the extent that they involve employees on the assembly line supervised by the same supervisors.

All of Defendant's union covered employees at the York facility are governed by the same collective bargaining agreement, and therefore the union employees share the same terms and conditions of employment. All employees on the third shift share the same supervisors. *See Griffiths v. Cigna Corp.*, 1992 WL 13016 (E.D. Pa. 1992) (court limited discovery to only those individuals who were managers or supervisors of plaintiff during his employment and explained that, where Defendant employs more than 1000 employees, charges of discrimination from other departments would not have any relevance to plaintiff's claim, which involved the security department).

The Honorable Yvette Kane
Chief Judge
United States District Court
Middle District of Pennsylvania
July 30, 2010
Page 5

Therefore, Defendant's supplemental responses were appropriately limited to those union covered employees working on the third shift at its York facility.

Discovery must be tailored to the claim of disparate treatment. *Syed v. Director, F.B.I.*, 1990 WL 259734, at *3, (E.D. Pa. Jan. 30, 1991). In addition, it is not appropriate to allow broad discovery where only one employee complaint is at issue. *McClain*, 85 F.R.D. at 60. Plaintiff has alleged discrimination based on her race and gender, stemming from an alleged disciplinary action taken against her. Plaintiff's discovery requests must be appropriately tailored to those allegations. Plaintiff's attempt to gain information regarding an alleged pattern or practice of indifference to the rights of Non-Caucasians and women, is too broad and outside the scope of her allegations. *See* Plaintiff's Letter Brief at 5. This is not a pattern or practice case. Plaintiff's allegations involve an alleged discriminatory disciplinary action. Defendant has appropriately responded to Plaintiff's requests by providing information involving complaints made by individuals employed as third shift Assemblers at the York facility, where the basis of the claim(s) were sex or race based discrimination or harassment during the time period September 2006 through March 2009.

## CONCLUSION

For all of the forgoing reasons, Defendant respectfully requests that Plaintiff's Motion to Compel Discovery be denied.

          Respectfully submitted,

          McNEES WALLACE & NURICK LLC

          By   /s/ Jennifer E. Will
                Jennifer E. Will

c:   Sandra Thompson, Esq. - via ECF e-mail - sthompson@netscape.com

# Exhibit A



## McNees
### Wallace & Nurick LLC

100 Pine Street • PO Box 1166 • Harrisburg, PA 17108-1166
Tel: 717.232.8000 • Fax: 717.237.5300

Jennifer E. Will
Direct Dial: 717.237.5418
Direct Fax: 717.260.1758
jwill@mwn.com

June 28, 2010

Sandra Thompson, Esq.
The Law Offices of Sandra Thompson
P.O. Box 2361
York, PA 17405

**RE:   Harris v. Harley-Davidson Motor Company Operations, Inc., et al.**

Ms. Thompson:

As you know, Defendant has objected to several Plaintiff's discovery requests for information and documentation for the reasons outlined in Defendant's responses. During the depositions Friday, June 25, 2010, you specifically questioned me with respect to interrogatories seeking information on entire classes of individuals, such as:

Interrogatory 2:

> Identify all persons who were employed as an Assembler with Defendant from 2003 through 2008 who were of African, African-American or Hispanic ethnicity/heritage.

Interrogatory 6:

> Identify each and every employee who has complained of any of the following: general harassment, sexual harassment, ethnic harassment, or being made to feel uncomfortable by another employee's actions or words, from 1998-2008, include his/her race/ethnicity.

Interrogatory 17:

> Identify any employee of African, African-American or Hispanic ethnicity/heritage that    was disciplined or terminated for: behavior that made other employees uncomfortable,   racial    harassment,    sexual

June 28, 2010
Page 2

       harassment, or general harassing behaviors.

Interrogatory 25.

       State whether any civil proceeding was initiated against Defendant, its partners or affiliates alleging disparate treatment, discrimination, harassment, or wrongful termination since 2003

       a.    the dates of each complaint and the details of the complaint including court number

       b.    identity of each claimant

       c.    disposition of each complaint

Interrogatory 26:

       State whether any complaint was filed with Defendant, its partners or affiliates, or in any agency, including EEOC and PHRC, against Defendant, its partners or affiliates alleging disparate treatment, discrimination, harassment or wrongful termination since 2003

       a.    the dates of each complaint and the details of the complaint, including file number

       b.    identity of each claimant

       c.    disposition of each complaint.

       Our stated objections to these interrogatories stand. These requests are clearly overly broad and unduly burdensome and not likely to lead to the discovery of relevant evidence. See, Averett v. Honda of America Mfg., Inc., 2009 WL 799638 (S.D. Oh. Mar. 24, 2009)(denying plaintiff's motion to compel and finding that plaintiff's request for documentation relating or pertaining to any investigation of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination and/or retaliation, which were made by any person other than Plaintiff against a "harasser" at any time during his/her employment is beyond the scope of permissible discovery).

       See also Griffiths v. Cigna Corp., 1992 WL 13016 (E.D. Pa.)(court limited discovery request to only those individuals who were managers or supervisors of plaintiff during his employment and explained that, where Defendant employs more than 1000 employees,

June 28, 2010
Page 2

charges of discrimination from the employer's word processing department or an accounting department, would not have any relevance to plaintiff's claim, which involved the security department); and Zelaya v. Unicco Service Co., 682 F.Supp.2d 28 (D.C. 2010)(where plaintiff's case relates to claim of sexual harassment by one employee and to employer's alleged complicity in discrimination and retaliation, plaintiff's interrogatory seeking all formal and informal complaints, charges, concerns, grievances, allegations, and/or reports of gender discrimination, including sexual harassment, or retaliation made against defendants or their current or former employees, divisions, departments or offices, including internal complaints [EEOC] . . . Human Rights charges, complaints, filed with state agencies . . . and complaints filed in a state or federal court" was not closely related to plaintiff's circumstances and theory of the case).

Furthermore, the Third Circuit Court of Appeals, in a case involving a civil rights complaint, stated that "as in any civil case, the Legislative Leaders remain protected by the District Court's power to limit discovery which is unreasonably cumulative, more easily obtainable from another source, or unduly burdensome. Powell v. Ridge, 247 F. 3d 520 (3rd Cir. 2001) (citing Fed. R. Civ. P. 26(b)(2)). Other courts have held that information contained in public records is easily obtainable and have denied discovery requests on that basis. See Buchanan v. Helfrich, 1988 WL 107050 (D.Or. 1988). We believe that your requests relating to public records are easily obtainable from another source; just as you suggested we obtain Plaintiff's medical records directly from her healthcare providers.

However, as I mentioned to you last week, in an effort to resolve this issue, we are willing to discuss a response to appropriately narrowed Interrogatories. For example, the five to ten year timeframes of Plaintiff's Interrogatories are too broad in scope, and we believe that the timeframe that Ms. Harris was actually employed would be more appropriate. In addition, the requests for comparator information should be limited to assemblers at Defendant's York facility during third shift. Plaintiff's requests for information from all of Defendant's "partners or affiliates" is simply too broad and would be unduly burdensome to obtain, as is the request for all general complaints for an entire decade.

With this letter, Defendant supplements its responses to the above-discovery requests by providing information relating to internal complaints to York's Human Resources Department from third shift employees under the supervision of Kayla Redding and/or Michael Lutz regarding claims of racial harassment or sexual harassment. We believe that we have no obligation to expand our responses to partners and affiliates, comparators of Hispanic ethnicity/heritage or documents of public record.

June 28, 2010
Page 2

## DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

Interrogatory 2:

    Identify all persons who were employed as an Assembler with Defendant from 2003 through 2008 who were of African, African-American or Hispanic ethnicity/heritage.

Interrogatory 3:

    For each person identified in paragraph 2, state his/her dates of employment and reasons for separation

    **ANSWER:**

    **Subject to and without waiving Defendant's stated objections and general objections, Defendant will supplement its response to Interrogatories 2 and 3 by providing the names of all third shift African American Assemblers (with dates of employment and reasons for separation) who were employed by Defendant between September 2006 and March 2009. Such supplemental response will be provided on or before the close of discovery, July 1, 2010.**

Interrogatory 6:

    Identify each and every employee who has complained of any of the following: general harassment, sexual harassment, ethnic harassment, or being made to feel uncomfortable by another employee's actions or words, from 1998-2008, include his/her race/ethnicity.

    **ANSWER**

    **Subject to and without waiving Defendant's stated objections and general objections, Stephanie Harris was the only third shift Assembler under the supervision of Kayla Redding and/or Mike Lutz who made reports of sexual harassment or racial harassment to Defendant's Human Resources Department between September 2006 and March 2009. Defendant received a single anonymous complaint during the relevant time period, but cannot confirm the reporter's shift or race.**

June 28, 2010
Page 2

Interrogatory 7:

> For each complaint made as listed in Interrogatory no 6, identify the person accused of sexual harassment include his/her race/ethnicity.
>
> **ANSWER**
>
> **Subject to and without waiving Defendant's stated objections and general objections, Timothy Denlinger, white/Caucasian and unidentified "employees," whose race/ethnicity is not known.**

Interrogatory 8:

> For each complaint made as listed in Interrogatory no 6, describe in detail the complaint and the action taken to address the complaint, and identify person(s) performing an investigation
>
> **ANSWER**
>
> **Subject to and without waiving Defendant's stated objections and general objections, see Defendant's answers to Interrogatories 12 through 16. A report was received in September 2007 that employees are racially harassing other employees by an anonymous person offering a "heads up." No report from any employee alleging to have been the victim of such racial harassment was ever received.**

Interrogatory 17:

> Identify any employee of African, African-American or Hispanic ethnicity/heritage that was disciplined or terminated for: behavior that made other employees uncomfortable, racial harassment, sexual harassment, or general harassing behaviors.
>
> **ANSWER**
>
> **Subject to and without waiving Defendant's stated objections and general objections, Harley-Davidson has conducted an investigative query and found no third shift African American employees to have been disciplined or terminated for racial or sexual harassment between September 2006 and March 2009.**

June 28, 2010
Page 2

25. State whether any civil proceeding was initiated against Defendant, its partners or affiliates alleging disparate treatment, discrimination, harassment, or wrongful termination since 2003

   a. the dates of each complaint and the details of the complaint including court number

   b. identity of each claimant

   c. disposition of each complaint.

   **ANSWER:**

   **Defendant objects to this Interrogatory on the basis that it is overbroad and irrelevant. Plaintiff has never alleged wrongful termination and none of Defendant's affiliates or partners are parties to this lawsuit. By way of further objection, the information as to any such claims, if any, are a matter of public record.**

   **Subject to and without waiving these objections or Defendant's general objections, Defendant has been a party to no other civil lawsuits in state or federal court in Pennsylvania from 2006 through 2009 where the basis of the claim(s) were sex or race based discrimination or harassment.**

Interrogatory 26:

   State whether any complaint was filed with Defendant, its partners or affiliates, or in any agency, including EEOC and PHRC, against Defendant, its partners or affiliates alleging disparate treatment, discrimination, harassment or wrongful termination since 2003

   a. the dates of each complaint and the details of the complaint, including file number

   b. identity of each claimant

   c. disposition of each complaint.

   **ANSWER:**

June 28, 2010
Page 2

      **Subject to and without waiving Defendant's stated or general objections, Defendant will provide case names for all EEOC and/or PHRC matters filed in Pennsylvania between September 2006 through March 2009, where the Complainant/Charging Party was employed as a third shift Assembler in York and the basis of the claim(s) were sex or race based discrimination or harassment. Such supplemental response will be provided on or before the close of discovery, July 1, 2010.**

      Please advise as to when you wish to reschedule the deposition of Jon Proden, so that I may coordinate the same.

Very truly yours,

McNEES WALLACE & NURICK LLC

By _____
Jennifer E. Will

JW/cmj

Enclosures



**McNees**
Wallace & Nurick LLC

100 Pine Street • PO Box 1166 • Harrisburg, PA 17108-1166
Tel: 717.232.8000 • Fax: 717.237.5300

Jennifer E. Will
Direct Dial: 717.237.5418
Direct Fax: 717.260.1758
jwill@mwn.com

June 30, 2010

Sandra Thompson, Esq.
The Law Offices of Sandra Thompson
P.O. Box 2361
York, PA 17405

RE: **Harris v. Harley-Davidson Motor Company Operations, Inc., et al.**

Ms. Thompson:

Consistent with my prior correspondence, Harley-Davidson is herein providing:

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Interrogatory 26:

State whether any complaint was filed with Defendant, its partners or affiliates, or in any agency, including EEOC and PHRC, against Defendant, its partners or affiliates alleging disparate treatment, discrimination, harassment or wrongful termination since 2003

a. the dates of each complaint and the details of the complaint, including file number

b. identity of each claimant

c. disposition of each complaint.

**ANSWER:**

**Subject to and without waiving Defendant's stated or general objections, in addition to Plaintiff, the following third shift African American Assemblers filed**

June 30, 2010
Page 2

      an EEOC and/or PHRC matter alleging sexual or racial harassment or discrimination in Pennsylvania between September 2006 through March 2009:

      <u>James Walker v. Harley Davidson York, Inc.</u>, PHRC No. 200702711/EEOC No. 17F200860688, filed January 2008 and contained a single count of race discrimination. The matter was resolved through a settlement agreement and general release in February 2010 and the complaint was withdrawn.

      <u>Chanta Brown v. Harley Davidson York, Inc.</u>, PHRC No. 200802807/EEOC No. 17F200960941, filed February 2009 and contained a single count of race discrimination. The matter was resolved through a confidential settlement agreement and general release in May 2009 and the complaint was withdrawn.

      In response to your email of this date, Defendant does not concur in a Motion to Compel Discovery or in a general Motion to Extend Discovery. As a courtesy, we would agree to you taking the previously scheduled deposition of Jon Proden at a mutually-agreeable time during the week of July 5, 2010.

      Very truly yours,

      McNEES WALLACE & NURICK LLC

      By *(signature)*
      Jennifer E. Will

JW/cmj

Enclosures



**McNees**
Wallace & Nurick LLC

100 Pine Street • PO Box 1166 • Harrisburg, PA 17108-1166
Tel: 717.232.8000 • Fax: 717.237.5300

Jennifer E. Will
Direct Dial: 717.237.5418
Direct Fax: 717.260.1758
jwill@mwn.com

July 1, 2010

Sandra Thompson, Esq.
The Law Offices of Sandra Thompson
P.O. Box 2361
York, PA 17405

    RE:    Harris v. Harley-Davidson Motor Company Operations, Inc., et al.

Ms. Thompson:

Consistent with my prior correspondence, Harley-Davidson is herein providing:

### DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

Interrogatory 2:

    Identify all persons who were employed as an Assembler with Defendant from 2003 through 2008 who were of African, African-American or Hispanic ethnicity/heritage.

**ANSWER:**

**Subject to and without waiving Defendant's stated objections and general objections, the following African American Assemblers were employed by Defendant on third shift at its York facility at some period between September 2006 and March 2009. Their employment date(s) and reason(s) for termination, where appropriate, are noted.**

**Chanta Brown, hired August 30, 2004 and terminated August 28, 2008 for failing to return from leave**

**Jeffrey Farley, hired May 30, 2006 and laid off March 30, 2009 as a result of a lack of work**

July 1, 2010
Page 2

    Murphy Franklin, hired August 14, 2006 and terminated October 7, 2007 for unsatisfactory performance.

    Timothy Gillespie, hired January 24, 2005 and laid off on March 30, 2009 for lack of work.

    Plaintiff, hired September 11, 2006 and laid off on July 28, 2008 and again on March 30, 2009 for lack of work.

    Warren Hartzog, hired January 24, 2005 and laid off for lack of work on March 30, 2009.

    Lorne Hopkins, hired September 11, 2006 and laid off on July 28, 2008 and again on March 30, 2009 for lack of work.

    Kara Ile, hired March 27, 2006 and laid off on March 30, 2009 for lack of work.

    Craig Johnson, hired August 4, 2006 and laid off March 30, 2009 for lack of work.

    Thomas Johnson, hired April 16, 2007 and laid off July 28, 2008 and again on March 20, 2009 for lack of work.

    Yvannda Jones, hired November 6, 2006 and laid off on July 28, 2008 and March 30, 2009 for lack of work.

    Roy Key, hired June 4, 2007 and laid off on July 14, 2008 and again on January 23, 2009.

    Nattia Kinnard, hired April 3, 2006 and laid off on March 30, 2009 for lack of work.

    Morris Layton, hired March 8, 2004 and laid off on March 30, 2009 for lack of work.

    Dominic Manning, hired November 6, 2006 and laid off on July 28, 2008 and March 30, 2009 for lack of work.

    Danine McGinty, hired June 4, 2007 and terminated July 21, 2007 for violation of rule(s).

July 1, 2010
Page 3

Frank Myers, hired January 8, 2007 terminated February 2, 2007 pursuant to the collective bargaining agreement because he was in his probationary period when the union went on strike. He was subsequently reinstated and then laid off March 30, 2009 for lack of work.

Melinda Orr, hired March 12, 2001.

Jason Parker, hired January 8, 2007 terminated February 2, 2007 pursuant to the collective bargaining agreement because he was in his probationary period when the union went on strike. He was subsequently reinstated and then laid off March 30, 2009 for lack of work.

Angelo Pettigrew, hired October 25, 2004 and terminated December 7, 2006 for violation of rule(s).

Lucious Shy, hired November 29, 2005 and laid off on March 30, 2009 for lack of work.

Louis Smith, hired August 29, 2005 and laid off on March 30, 2009 for lack of work.

Gregory Smith, hired October 25, 2004 and laid off on March 30, 2009 for lack of work.

Cliffonda Stokes, hired March 21, 2005, terminated August 28, 2008 for failing to return from leave and laid off on March 30, 2009 for lack of work.

Robert Strickler, hired April 3, 2006 and laid off March 30, 2009 for lack of work.

James Walker, hired August 29, 2005 and laid off March 30, 2009 for lack of work.

Martin Wayman, hired January 8, 2007, terminated February 2, 2007 pursuant to the collective bargaining agreement because he was in his probationary period when the union went on strike. He was subsequently reinstated and then laid off March 30, 2009 for lack of work.

Jamie White, hired March 27, 2006 and laid off March 30, 2009 for lack of work.

Jennifer Wilson, hired October 6, 2003.

July 1, 2010
Page 4

**Joe Wintermyers, hired August 14, 2006 and laid off July 28, 2008 and March 30, 2009 for lack of work.**

**Yvonne Young, hired August 29, 2005 and resigned September 30, 2006.**

Interrogatory 3:

For each person identified in paragraph 2, state his/her dates of employment and reasons for separation

**ANSWER:**

**Subject to and without waiving Defendant's stated objections and general objections, see Defendant's answer to Interrogatory 2.**

Very truly yours,

McNEES WALLACE & NURICK LLC

*[signature]*

By
   Jennifer E. Will

JW/cmj

Enclosures